UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA L. ROSE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Case No. 4:21-cv-00248-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Dana L. Rose filed a "Claim, Petition, Summons Notice of Void Judgment 60(B)(4) and Notice of Defaults" naming the United States as Respondent. *Compl.* at 1, Dkt. 1. However, Mr. Rose has failed to comply with the mandatory pre-filing requirement set forth by the Court in its prior Vexatious Litigant Order. *See Rose v. State*, No. 1:15-CV-00491-EJL, 2017 U.S. Dist. LEXIS 86957 (D. Idaho June 6, 2017). The United States has moved to dismiss Mr. Rose's action on this basis. *Def.'s Mot. Dismiss* at 1, Dkt. 3. For the reasons explained below, the Court will grant the motion.

## LEGAL STANDARD

"District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). In vexatious litigant pre-filing orders, courts "may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.* District courts have discretion to dismiss an action that is within the scope of a vexatious litigant pre-filing order but that does not comply with the pre-filing requirements. *Bernier v. Lara*, 851 F. App'x 787, 788 (9th Cir. 2021).

## ANALYSIS

In June 2017, the Court declared Mr. Rose a vexatious litigant. *Rose*, 2017 U.S. Dist. LEXIS 86957, at 5. The Vexatious Litigant Order adopted the Report and Recommendation of Chief United States Magistrate Judge Ronald E. Bush. *Id.* The Report explained Mr. Rose had already filed over fifty lawsuits in both federal and Idaho state courts. *Rose v. Idaho*, No. 1:15-CV-00491-EJL-REB, 2016 WL 4394155, at *8 (D. Idaho Aug. 15, 2016), *report and recommendation adopted*, No. 1:15-CV-00491-EJL, 2017 WL 2438841 (D. Idaho June 6, 2017). Further, the Report found that Mr. Rose's numerous claims were frivolous and exhibited a

pattern of harassment that made a pre-filing order appropriate. *Id.* at 16. As such, the Court entered the following order:

> Plaintiff, Dana L. Rose, is **HEREBY PROHIBITED** from filing any action with claims relating to or concerning his aggravated assault conviction, appeals, and sentence, or any claim relating to a prior state or federal case arising from his aggravated assault conviction, appeals, and sentence in the United States District Court for the District of Idaho without first obtaining leave of the Chief Judge of the Court to do so.

*Rose*, 2017 U.S. Dist. LEXIS 86957, at 6.

The present action—in which Mr. Rose asserts claims relating to his aggravated assault conviction-—falls squarely within the scope of the pre-filing order. *See Compl*. at 1-2, Dkt. 1 (seeking to void his prior aggravated assault conviction based on alleged constitutional violations that occurred during his arrest); *id.* at 3–4 (discussing circumstances of prior aggravated assault conviction); *id.* at 3 (asking the court for relief in the form of "clearing [his] record/name" and damages stemming from his aggravated assault conviction). Mr. Rose seeks relief for "a countless number of Constitutional violations, crimes and/or acts of malice," *id*. at 2–3, that he claims are demonstrated through the letters, transcripts, and other documents pertaining to his aggravated assault conviction attached to his pleading. *See id.* at 6–102.

Although Mr. Rose asserts that he "has been given permission to name our United States as respondent," the docket shows that Mr. Rose has neither sought

nor received leave from the Chief Judge to file this action. He has thus violated the pre-filing order. As Defendant's motion to dismiss is unopposed, Mr. Rose does not dispute that the present action is subject to the vexatious litigant order. Accordingly, pursuant to the Court's vexatious litigant order, Defendant's motion to dismiss is granted. If Mr. Rose wishes to assert the claims contained in this filing, he must first obtain leave from Chief Judge David C. Nye.

## ORDER

**IT IS ORDERED that:**

1. The United States' Motion to Dismiss (Dkt. 3) is **GRANTED**.
2. Mr. Rose's case is **DISMISSED WITH PREJUDICE**.

DATED: September 27, 2021

B. Lynn Winmill
U.S. District Court Judge